(16 Misc. Rep. 24.)

### LORD v. VAN GELDER.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

APPEAL—PRACTICE.

> Appellant is not entitled to have inserted, in the order denying his motion for a new trial on the judge's minutes, affidavits as to what occurred when the jury was polled, which were not used on the motion, but should, to raise a question for review upon the occurrences, have a statement of the facts settled and inserted in his case on appeal from the order denying the motion for a new trial.

Appeal from city court of New York, general term.

Action by Franklin B. Lord, as executor, etc., against John Van Gelder, for damages for fraudulent representations. From a judgment affirming an order made at trial term denying defendant's motion to amend the order denying his motion for a new trial on the judge's minutes, by inserting therein reference to affidavits containing statements as to what occurred when the jury was polled, after rendering their verdict for the plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Rufus P. Livermore, for appellant.

George Lord Day, for respondent.

DALY, P. J. The defendant's affidavits alleged that the seventh juror, when asked if the verdict was his, asked certain questions, and then declared he was for the defendant. The plaintiff's affidavits alleged that the juror answered in the affirmative when asked if the verdict in plaintiff's favor was his, and afterwards asked if a certain 5 per cent. included in the verdict was for the defendant; that other jurors unanimously stated that the whole matter had been explained to him in the jury room, and that it was all understood; that the juror's objection seemed to be explained away to his satisfaction, and he appeared to assent to the verdict. The assent of the juror to the

verdict must so have been understood by the trial justice, for he denied the motion for a new trial; but, however that may be, the motion to recite these affidavits in the order denying that motion was properly refused.    The affidavits were not used upon the motion, and therefore could not be recited nor referred to in the order denying it.    The motion was made immediately after the verdict, on the 14th of March, 1895, and the order denying it was entered the same day. The affidavits which defendant asked to have recited in it were not made until the 22d, 28th, and 30th of March, and the 1st of April, 1895, respectively.    If defendant desired to raise a question for the general term upon the occurrences at the time the jury were polled, the proper practice would have been to have a statement of the facts settled and inserted in his case on appeal from the order denying his motion for a new trial.    Weeks v. Hart, 24 Hun, 181.

Order appealed from affirmed, with costs and disbursements.    All concur.